The document below is hereby signed.

Signed: September 20, 2016



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Case No. 15-00646 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TEODORA AURELIANA SIMU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 16-10001 |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA

On February 28, 2016 the plaintiff creditor issued a subpoena on Bank of America, seeking all documents related to accounts held by the defendant debtor and/or Elite Insurance & Consulting Services, LLC ("Elite"), from January 1, 2016 until the date of the subpoena. On March 10, 2016, the defendant debtor filed a motion to quash the subpoena (Dkt. No. 15). The

defendant debtor acknowledges that the plaintiff creditor has previously subpoenaed bank records of both the debtor and Elite and that the debtor had no objections to the previous request (Dkt. No. 15, at 2). However, the defendant debtor seeks to quash this subpoena because she believes 1) the plaintiff issued the subpoena simply to harass the debtor, and 2) the records sought "likely have no relevance to any legitimate claims in this proceeding." *Id.* The plaintiff creditor filed an opposition to the motion to quash on March 23, 2016 (Dkt. No. 20). The Bank of America has not opposed the subpoena or indicated that it intends to do so.

    I.   Elite lacks standing to quash the subpoena.

The defendant debtor has no standing to challenge the February 28th subpoena issued to the Bank of America in regards to bank records of both the defendant and Elite. A party generally has no standing to seek to quash a subpoena issued to a non-party person or entity. *See Robertson v. Cartinhour*, No. CIV.A. AW-09-3436, 2010 WL 716221, at *1 (D. Md. Feb. 23, 2010); 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.). However, an objecting party may gain standing to do so by claiming some personal right or privilege with regard to the documents sought. *See Robertson*, 2010 WL 716221, at *1; *Schmulovich v. 1161 Rt. 9 LLC*, No. CIV.A.07-597 (FLW), 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008); *Griffith v. United States*, No. M8-85 (JFK), 2007 WL

1222586, at *1 (S.D.N.Y. Apr. 25, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).  "Absent this showing, the party lacks standing and the motion must be denied without reaching the motion's merits." *See Robertson*, 2010 WL 716221, at *1 (citing Fourth Circuit precedent).

As a preliminary matter, the defendant debtor has no standing to challenge the subpoena issued to the Bank of America for Elite's bank records because Elite is a corporate entity independent of the debtor.  Moreover, in her motion to quash the subpoena, the defendant debtor failed to claim any personal right or privilege with regard to any of the documents sought in regards to her own accounts or those of Elite; she only questioned the relevance of the records and argued that the plaintiff was attempting to harass her with the subpoena. Therefore, because the defendant debtor has not claimed any personal right or privilege to the records sought, she lacks standing to quash the subpoena directed to Bank of America, a non-party entity.

> II.  Even if the defendant debtor had standing, she has no privilege or private right in the documents sought that would justify quashing the subpoena.

The debtor has no privilege or private right that would justify quashing the subpoena because the records related to her and Elite's accounts are business documents of the Bank of America.  Bank records of a customer's transactions are not bank

3

customers' private documents; they are business records of the bank.  *See Clayton Brokerage Co. Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980) (citing *United States v. Miller*, 425 U.S. 435, 440 (1975)).  Therefore, "the bank customer has no inherent right to assert either ownership, possession, or inferentially, control over the release of the bank's records of his transactions." *Id.*

As previously addressed, in her motion to quash, the defendant failed to express any argument against the plaintiff's subpoenas based on privilege or private right.  Even if the defendant had argued that she has a personal privacy right in the documents, that argument would fail.  In regards to the bank statements of Elite, the defendant cannot assert a personal privacy right in the bank statements of an independent entity.  In regards to the defendant's own bank statements, *Miller* is the controlling case law.[1]  In *Miller*, the Supreme Court held that a bank customer does not have a "legitimate expectation of privacy" in the contents of checks, deposit slips, and other banking documents.  *See Id.* (quoting *Miller,* 425 U.S. at 442) (internal quotation marks omitted).  The records sought in this case "are

---

[1] *See Robertson*, 2010 WL 716221, at *2 & n.1 (relying on both *Miller* and *Clayton Brokerage Co.* and noting that even though *Miller* had been abrogated in part by a federal statute that limits the government's ability to acquire personal financial information, *Clayton* demonstrated that "[*Miller*'s] application to civil matters remains authoritative")(footnote omitted).

4

not confidential communications, but instruments of commercial transactions and the business records of the bank." *Robertson*, 2010 WL 716221, at *2 (quoting *Clayton Brokerage Co.*, 87 F.R.D. at 571) (internal quotation marks omitted). Issuing a subpoena that requires the Bank of America to produce the defendant's financial records does not violate any cognizable privacy right of the defendant. *See id.* (citing *Clayton Brokerage Co.*, 87 F.R.D. at 571); *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y.2002)); DIRECTV, Inc. v. Richards, No. Civ. 03-5606 (GEB), 2005 WL 1514187, at *3 (D.N.J. June 27, 2005) (ruling that a defendant's vague claim of personal privilege in his bank account records was sufficient to confer standing for the purpose of the motion to quash the subpoena but was insufficient to justify quashing the subpoena).[2]

Thus, here, as in *Robertson* and *Clayton*, the movant "has no standing to challenge the subpoena issued to the bank; a

---

[2] Even in the Second Circuit, which acknowledges that individuals have a privacy interest in their personal financial affairs, such a privacy right may be outweighed by the other party's interest in discovery of the account records. *See Griffith v. United States*, No. M8-85 (JFK), 2007 WL 1222586, at *4 (S.D.N.Y. Apr. 25, 2007). In this case, the plaintiff creditor has a significant interest in discovering if the debtor is illicitly and secretly taking money to which the creditor may be entitled and which should be protected by the chapter 7 trustee during bankruptcy-particularly because such actions could, under 11 U.S.C. § 727, impact whether the debtor will be granted a discharge of the creditor's debt. Therefore, any privacy interest the debtor could have would be outweighed by the creditor's interest in discovering the post-petition financial transactions between Elite and the debtor.

5

fortiori, he has failed to identify a personal right on which a challenge to the subpoena may be based." *Robertson*, 2010 WL 716221, at *2 (quoting *Clayton Brokerage Co.*, 87 F.R.D. at 571). Accordingly, it is

    ORDERED that the defendant's motion to quash the plaintiff's subpoena is DENIED.

                                              [Signed and dated above.]

Copies to: Recipients of e-notification of filings.