The document below is hereby signed.

Signed: November 15, 2016



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
SHARRA NEVES CARVALHO,         )   Case No. 15-00646
                               )   (Chapter 7)
           Debtor.             )
_____)
                               )
TEODORA AURELIANA SIMU,        )
                               )
           Plaintiff,          )
                               )   Adversary Proceeding No.
      v.                       )   16-10001
                               )
SHARRA NEVES CARVALHO,         )   Not for publication in
                               )   West's Bankruptcy Reporter.
           Defendant.          )
```

MEMORANDUM DECISION AND ORDER REGARDING DEBTOR'S
MOTION TO STRIKE PORTIONS OF CREDITOR'S SECOND AMENDED COMPLAINT

On February 16, 2016, the plaintiff creditor filed an Amended Complaint in this adversary proceeding (Dkt. No. 5). In response, the debtor defendant filed a motion to dismiss counts II-VIII and XI-XV of the amended complaint and seeking a more definite statement regarding counts I, IX, and X of the Amended

Complaint (Dkt. No. 10). The Court issued a *Memorandum Decision and Order Re Motion to Dismiss and for More Definite Statement* (Dkt. No. 30) ordering, *inter alia*,

1. the dismissal of Count II (except for the claim based on Carvalho's alleged false tax returns and financial statements);

2. the dismissal of Count IV;

3. the dismissal of Count VI's claims relating to:

    a. Carvalho's failure to schedule the $5,950 in cash;

    b. Carvalho having omitted her professional licenses;

    c. Carvalho having misstated the nature of the debt to Simu;

    d. the claims that Carvalho grossly understated total assets that rely on Carvalho having omitting her professional licenses, having omitted the existence of debts owed to Elite, and having falsely omitted the existence of accounts receivable due to Elite; and

    e. Carvalho's listing of the case as a no asset case;

4. the dismissal of Count VII (except for the claim that Carvalho engaged in a knowing and fraudulent failure to turn over Carvalho's financial statements, bank records, and tax returns);

5. the dismissal of Counts VIII, XI, XII, XIII, XIV, and XV;

6. the furnishing of a more definite statement regarding Counts I and IX by Simu;

7. the furnishing of a more definite statement regarding Count X (except for the part of Count X dealing with the judgment for $3,250 and punitive damages and attorney's fees relating thereto); and

    8.    the filing of a Second Amended Complaint by Simu eliminating the dismissed claims and setting forth the required more definite statements.

In response, Simu filed a Second Amended Complaint (Dkt. No. 35) and a Motion for Reconsideration (Dkt. No. 34), requesting the court to reconsider its decision regarding:

    1.    the dismissal of Count VIII;

    2.    the dismissal of Count IV;

    3.    the dismissal of Count VI's claim in regards to the amount of money Carvalho possessed at the time of filing her bankruptcy petition; and

    4.    the court's direction for Simu to furnish a more definite statement regarding Counts I and X.[1]

Carvalho filed an opposition to Simu's motion for reconsideration (Dkt. No. 38) and Simu filed a Reply thereto (Dkt. No. 39). Carvalho also filed a *Motion to Strike in Part the Second Amended Complaint* (Dkt. No. 36) [hereinafter *Motion to Strike*]. Simu filed an opposition (Dkt. No. 40) and Carvalho filed a reply (Dkt. No. 43). This court has resolved the Motion for Reconsideration, reinstating Count IV and denying all of the plaintiff's other requests. It appears that the plaintiff did not make substantial changes to her Second Amended Complaint in the hopes that this court would fully grant her motion for

---

[1] Simu's Motion for Reconsideration included another section addressing "the trustee's indifference or acquiescence to [Carvalho's] fraud[.]" *See* Dkt. No. 34, at 11-12. This section is irrelevant to her request for reconsideration of specific findings by the court.

reconsideration. Since this court declined to do so, this court will now address which changes Simu will be permitted a brief time to make and which portions shall be stricken in accordance with the defendant debtor's *Motion to Strike*.

I

In her *Motion to Strike*, the defendant argues that Simu disregarded this court's order to strike Count IV of the Amended Complaint (Dkt. No. 36, at 2-3). Because this court has since decided to reinstate Count IV (*see Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Motion to Reconsider*) Count IV of the Second Amended Complaint and all related allegations within the Second Amended Complaint may remain.

II

Courts have considerable discretion in choosing whether to grant or deny a motion to strike but motions to strike are disfavored and are rarely granted. *See Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Courts generally agree that motions to strike should be denied unless the challenged allegations have no possible relation or logical connection to the controversy and could cause significant prejudice to a party to the action. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1382 (3d ed. 2004) [hereinafter Wright & Miller]; *Zaloga v. Provident Life and Acc. Ins. Co.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (citing *Hanover Ins. Co. v. Ryan*, 619 F.Supp.2d 127, 133 (E.D.Pa.2007); *Miller v. Group Voyagers, Inc.*, 912 F.Supp. 164, 168 (E.D.Pa.1996)).

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f).  "Immaterial" allegations are those that have no essential or significant relationship to the plaintiff's claim for relief and "impertinent" allegations are those that are unnecessary for the resolution of the issues in question.  *See* Wright & Miller § 1382; *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting  5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). "Scandalous" allegations for Rule 12(f) purposes are those that "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court."  *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 558, n.16 (Bankr. S.D.N.Y. 2007) (quoting 2 James. Wm. Moore et al., Moore's Federal Practice § 12.37[3] (3d ed. 2006)).  *See also* Black's Law Dictionary 184 (2nd pocket ed. 2001), *cited in In re Food Mgmt. Grp., LLC*, 359 B.R. at 557 n. 14 (defining "scandalous matter" as "matter that is both grossly disgraceful (or defamatory) and irrelevant to the action").

This court finds that ¶¶ 143-151 of the Second Amended Complaint, which contain the plaintiff's allegations regarding the defendant's motion to quash a subpoena that was issued by the plaintiff to Bank of America, are immaterial, impertinent, and scandalous for the purposes of Rule 12(f) and should therefore be stricken from the Second Amended Complaint.  The allegations are irrelevant to the plaintiff's claims against the defendant and are unsupported by sufficiently detailed allegations.  Moreover, the allegations improperly attack the character of the defendant's counsel and accuse the defendant's counsel of engaging in fraud, again without any reasonable substantiation.  For the same reason, ¶¶ 114, 119, and 142 of the Second Amended Complaint should likewise be stricken.

All remaining allegations in the Second Amended Complaint, except for Counts IX and X as discussed below, will be allowed to remain because they are sufficiently related to the controversy between the plaintiff and the defendant if not to the specific claims and defenses presented.

                                III

The defendant's motion to strike Counts IX and X is not a typical motion to strike, but rather a motion to impose the sanction of striking the counts based on Simu's failure to comply with this court's prior order to provide a more definite statement of allegations supporting those claims.  Simu filed a

Second Amended Complaint but she did not provide a more definite statement for Counts IX and X therein.  While the plaintiff did file a motion for reconsideration of the directive to provide a more definite statement as to those counts (which this court has since denied), there was no stay of the court's order to provide a more definite statement.  Carvalho has been denied the information that she needed to enable her to respond to Simu's claims in Counts IX and X.

    A.  Count IX

The defendant's motion seeks to strike Count IX (a claim that the Superior Court judgment is nondischargeable under § 523(a)(4)), but not Count I, which was also a claim to declare the debt nondischargeable under § 523(a)(4).  However, the court's prior order for the plaintiff to provide a more definite statement concerning Count I bears on whether Count IX should now be stricken.  As to Count I, which sought to declare the entire Superior Court judgment nondischargeable under § 523(a)(4), the court held:

> Simu at least owes Carvalho a disclosure of what it is that she claims constituted a fiduciary relationship, what acts constituted "fraud or defalcation" while acting in that capacity; and what damages flowed from that breach. Only then can Carvalho meaningfully address whether Simu's allegations establish a nondischargeable claim under § 523(a)(4).

Dkt. No. 30 at 25.  However, as to the portion of the Superior Court judgment that awarded $3,250 to Simu for breach of

fiduciary duty, the court held that in light of a restrictive line of cases holding that § 523(a)(4) requires an express or technical trust, the defendant was entitled to a more definite statement if the § 523(a)(4) claim was to survive under that line of cases (if they were found to be controlling). The court stated:

> Because some case law requires the existence of a technical trust in order for § 523(a)(4) to apply, I will require Simu to include as a more definite statement any additional facts that she maintains establishes that a technical trust existed. Even if she fails to include any such additional facts, Simu can attempt to provide case law supporting her view that the conduct pled in the Superior Court that led to the $3,250 award falls within § 523(a)(4) . . . .

Simu has provided a more definite statement as to Count I, by including new allegations (summarized as follows by paragraph 164 of the Second Amended Complaint) that:

> Defendant Carvalho's use of the false tax return to deprive Simu of money rightfully owed to Simu and for Carvalho to enrich herself personally constituted a breach of fiduciary duty to Simu.

I do not decide now whether that this new set of allegations provides a basis for relief under § 523(a)(4), although I have

serious doubts that it does.[2] I deem Carvalho's failure to provide any other new allegations to be a concession that she has no additional facts to plead (beyond the alleged use of a false tax return) to support a claim that not just the $3,250 award but the entire Superior Court judgment is potentially nondischargeable under § 523(a)(4).[3]

---

[2] Simu will eventually need to address the court's following concerns. As I understand the Second Amended Complaint, Carvalho used the false tax return in the Superior Court litigation, resulting in a judgment for less than Simu was entitled to receive. Carvalho's debt to Simu has been fixed by the Superior Court. Even if Carvalho caused a reduced judgment to be entered against her by using the false return, the issue of whether the judgment debt should be increased because it was based on Carvalho having used the false tax return is an issue to be addressed by the Superior Court as the court that decided the amount Carvalho owed Simu as a result of the parties' transactions. The Superior Court's judgment against Carvalho in favor of Simu, which created the debt owed to Simu underlying this adversary proceeding, was not based on Carvalho's alleged use of a false tax return; if Carvalho did in fact furnish a false tax return in the course of the Superior Court litigation, that action only impacted the total amount of the debt–not the creation of the debt. Accordingly, the judgment debt is not a debt for breach of fiduciary duty based on the use of a false tax return (if such use was, *arguendo*, a breach of fiduciary duty).

[3] Simu's Second Amended Complaint alleges:

> 163. As the officer and de facto controlling shareholder, Defendant Carvalho had a fiduciary duty to Simu as a minority shareholder to act in good faith and in a manner she reasonably believed to be in the best interests of the company and all of its shareholders.

I do not decide whether that suffices to establish an express or technical trust. Nor do I decide whether, if it does not establish an express or technical trust, it nevertheless establishes that Carvalho was a fiduciary within the meaning of § 523(a)(4).

The court made the same ruling as to Count IX as it did in regards to Count I:

> Count IX similarly is based on § 523(a)(4), and as in the case of Count I, Carvalho is entitled to a more definite statement. Conclusory allegations that Carvalho owed Simu a fiduciary duty do not suffice.

Dkt. No. 30 at 29. Other than the allegations that it incorporates from Count I, Count IX consists of conclusory allegations of a breach of fiduciary duty. To the extent that it is redundant of Count I, it is surplusage that ought to be stricken. Because it otherwise fails to include a more definite statement as this court required, it ought to be stricken.

## B. Count X

The court previously ruled that Count X of the Amended Complaint sufficed to state a claim for "willful and malicious injury" to Carvalho or her property within the meaning of § 523(a)(6) regarding the $3,250 award for breach of fiduciary duty, the related punitive damages award, and any attorney's fees that may be awarded for plaintiff's attempts to recover the $3,250 award. However, the Amended Complaint failed to allege facts showing that the remaining Superior Court award for breach of contract was somehow based on conduct that constituted "willful and malicious injury" to Carvalho or her property. Accordingly, the court ordered a more definite statement. None was included in the Second Amended Complaint. Therefore, I will

strike Count X except with respect to the $3,250 award for breach of fiduciary duty, the related punitive damages award, and any attorney's fees that may be awarded for pursuit of the $3,250 award.

Accordingly, it is

ORDERED that the defendant's motion to strike Count IV of the plaintiff's Second Amended Complaint is DENIED.  It is further

ORDERED that the defendant's motion to strike ¶¶ 114, 119, and 142-151 of the plaintiff's Second Amended Complaint is GRANTED.  It is further

ORDERED that Count IX of the Second Amended Complaint is stricken.  It is further

ORDERED that Count X of the Second Amended Complaint is stricken except with respect to the the $3,250 award for breach of fiduciary duty, the related punitive damages award, and any attorney's fees that may be awarded for pursuit of the $3,250 award, and the plaintiff shall amend paragraph 216 of the Second Amended Complaint to reflect that the judgment debt is only nondischargeable under § 523(a)(6) only with respect to the $3,250 award for breach of fiduciary duty, the related punitive damages award, and any attorney's fees that may be awarded for pursuit of the $3,250 award.  It is further

ORDERED that within 7 days of entry of this order, the plaintiff, Simu, shall file a third amended complaint eliminating the stricken allegations, Count IX, and the portions of Count X specified above.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.