The document below is hereby signed.

Signed: January 24, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Case No. 15-00646 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TEODORA AURELIANA SIMU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 16-10001 |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION FIXING AMOUNT
OF SANCTIONS AGAINST MATTHEW AUGUST LEFANDE

In a *Memorandum Decision re Defendant's Motion For Sanctions* (Dkt. No. 205) dated September 30, 2019, and entered on October 1, 2019, the court identified conduct of Matthew August LeFande (the plaintiff's attorney) for which the defendant, Sharra Neves Carvalho, was entitled to recover sanctions. Pursuant to a

scheduling conference held on October 22, 2019, the court issued an *Order Directing Defendant To File Statement Of Attorney's Fees* (Dkt. No. 211), entered on November 26, 2019, which directed:

> that by December 31, 2019, the defendant Sharra Carvalho, shall file a statement of attorney's fees for which compensatory sanctions are owed, and may alternatively or in addition file a statement setting forth a minimum amount that Carvalho will accept in lieu of being put to the burden of proving any greater amount to which she is entitled, and that **Matthew LeFande shall file any response to such statement or statements within 17 days after the statement or statements have been filed**.

[Emphasis added.] The *Order* further directed that:

> in order to avoid Carvalho's incurring substantial additional attorney's fees (and to lessen the extent to which LeFande will be held liable for reasonable additional attorney's fees incurred by Carvalho in recovering compensatory sanctions), Carvalho may submit an affidavit or affidavits of her counsel with a good faith estimate of time counsel believes was incurred at a minimum as a result of LeFande's sanctionable conduct (in lieu of filing a detailed list of time spent as a result of such misconduct) and that Carvalho is willing to accept as compensatory sanctions, **but LeFande may object to an estimate of time, in which case, if the objection is sustained, a further scheduling conference will be set** regarding fixing the amount of compensatory sanctions to be awarded to Carvalho.

[Emphasis added.]

On December 31, 2020, Carvalho filed a *Statement in Response to Court's Order Directing Defendant to File Statement for Attorneys' Fees* (Dkt. No. 213) setting forth $32,250 as the minimum amount of compensatory sanctions to which she believes she is entitled and which she would accept in lieu of submission

of proof of any greater amount. LeFande has not responded to the *Statement*.

Carvalho estimates that she incurred at least $30,000 in counsel's fees to address positions taken by LeFande that were sanctionable, and represents that she incurred a further $2,250 in counsel's fees to establish the amount of recoverable fees. Carvalho attached to the *Statement* an *Affidavit of Counsel* (an affidavit of her counsel, Augustus T. Curtis) providing what he represents is a good faith estimate of $30,000 as the minimum amount of the fees that were incurred during the litigation of the adversary proceeding by reason of LeFande's sanctionable conduct.

Based on my familiarity with the litigation (and the amount of the court's own time spent as a result of LeFande's sanctionable conduct), the $30,000 estimate is reasonable.[1] In addition, $2,250 is an appropriate award for the six hours of

---

[1] It is noteworthy that I held in the *Memorandum Decision* (Dkt. No. 205) at 34 that "the court may award fees incurred in recovering fees when it imposes sanctions, whether pursuant to § 1927 or the court's inherent powers." Carvalho has not provided a specific estimate of the fees incurred in succeeding, in part, on the *Motion for Sanctions*. However, a reasonable estimate of fees incurred with respect any particular item of sanctionable conduct would include an allocable portion of the attorney's fees incurred to obtain the ruling in the *Memorandum Decision* identifying the sanctionable conduct. Although the court denied the *Motion for Sanctions* in part, attorney work was obviously necessary to obtain the ruling identifying LeFande's sanctionable conduct, and the fees for such attorney work would not be insignificant.

attorney time spent to establish the amount of recoverable fees pursuant to the *Memorandum Decision re Defendant's Motion For Sanctions*.

Accordingly, a judgment follows awarding Carvalho sanctions of $32,250 against LeFande.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.